UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ZELIA CORREIA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 1:23-cv-00334-JAW |
| | ) |
| ROBERT HUTCHINSON et al., | ) |
| | ) |
| Defendants | ) |

## ORDER

Pro se Plaintiff Zelia Correia initiated this matter by filing three handwritten complaints and two hundred pages of exhibits. *See* ECF No. 1. After being served with Correia's documents, the Defendants filed a motion for a more definite statement describing Correia's pleadings as "unintelligible and illegible" and asking the Court to order her to file an amended complaint that complies with the Federal Rules of Civil Procedure. ECF No. 11 at 2. Correia subsequently filed a motion "to not dismis[s]" her case, *see* ECF No. 14, a motion to supplement her pleadings with additional exhibits, *see* ECF No. 20, a motion to expedite summary judgment, *see* ECF No. 21, and eighty-two additional exhibits, *see* ECF No. 22.[1]

---

[1] Concerned by the number of filings, I entered an order directing the parties not to file anything else pending a status conference. *See* ECF No. 23. I held a telephonic status conference with Correia and counsel for the Defendants on January 4, 2024, at which I highlighted my concerns about Correia's many filings, suggested that the parties might attend a judicial settlement conference, and encouraged Correia to try to obtain counsel. The Defendants declined to attend a settlement conference and Correia indicated that she was unable to obtain counsel. After the conference, I asked the Clerk's Office to put Correia in touch with Pine Tree Legal Assistance (PTLA), but PTLA has since communicated to the Clerk's Office that it will not be appearing on her behalf. In the meantime, Correia continued her scattershot approach by initiating a seemingly duplicative suit against the Defendants. *See Correia v. Hutchinson*, 1:24-cv-00020-JAW.

1

I agree with the Defendants that it would be unreasonably difficult for them to respond to Correia's pleadings. Even with a liberal reading, her pleadings are unclear and rambling, contain long passages of often illegible handwriting, and make vague references to hundreds of pages of exhibits. This is a far cry from the "short and plain statement of the claim" required by Fed. R. Civ. P. 8(a)(2) and is precisely the sort of situation that a motion for a more definite statement is intended to address, *see* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."); *Cox v. Me. Mar. Acad.*, 122 F.R.D. 115, 116 (D. Me. 1988) (noting that "Rule 12(e) motions are designed to strike at unintelligibility").

Accordingly, the Defendants' motion for a more definite statement (ECF No. 11) is **GRANTED**. Correia is **ORDERED** to file by April 1, 2024, a single amended complaint that is legible (typewritten would be best) and sets forth her claims in a short and plain manner. Correia is cautioned that if she fails to amend her complaint to remedy the issues identified in this order or if she files an amended complaint that consists of hundreds of pages of exhibits, her case may be dismissed. *See, e.g.*, *Jackson v. Polaroid Corp.*, Nos. 98-1486, 98-1645, 1999 WL 525956, at *1 (1st Cir. Jan. 4, 1999) (affirming the dismissal of a pro se plaintiff's complaint after she failed to obey the district court's order to amend her "long and redundant" complaint to comply with Fed. R. Civ. P. 8(a)). The Clerk's Office is requested to send Correia another copy of this Court's *Handout for Self-Represented Parties*, and

Correia is strongly encouraged to read that document for guidance on drafting her amended complaint and to better understand the usual course of a federal lawsuit.

Finally, Correia's fruitless motion to supplement her complaint with additional exhibits (ECF No. 20), her nonsensical motion not to dismiss the case (ECF No. 14), and her procedurally improper motion to expedite summary judgment (ECF No. 21) are **DENIED**.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated: March 11, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge