UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ZELIA CORREIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:23-cv-00334-JAW |
| | ) |
| ROBERT HUTCHINSON et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT**

On August 30, 2023, Zelia Correia filed "three handwritten complaints and two hundred pages of exhibits," alleging Robert Hutchinson and Bayview Apartments LLC (Defendants) violated her rights. *Order* (ECF No. 25); *Comp.* (ECF No. 1). On October 2, 2023, Defendants filed a motion seeking a more definite statement on the grounds that Ms. Correia's complaint was unintelligible and illegible. *Mot. for a More Definite Statement* (ECF No. 11). Upon review of Ms. Correia's complaint, the Magistrate Judge concluded that it was unintelligible and violated the short and plain statement requirement of Federal Rule of Civil Procedure 8(a), and the Magistrate Judge issued a series of orders requiring Ms. Correia to comply with Rule 8 and present a complaint that would allow the Defendants to intelligibly respond. *Order* (ECF No. 23); *Minute Entry* (ECF No. 24); *Order* at 2 (ECF No. 25).

After Ms. Correia failed to comply with these orders, on April 3, 2024, the Defendants filed a motion to strike the original complaint and dismiss the action pursuant to Federal Rules of Civil Procedure 12(e) and 41(b). *First Mot. to Strike*

*Compl. and Dismiss Pursuant to F. R. Civ. P. 41(b) & 12(e)* (ECF No. 30). On April 10, 2024, the Court issued an order striking a response from Ms. Correia that was not responsive to anything in the lawsuit. *Order Striking Response to Order from Magistrate Judge Wolf* at 3 (ECF No. 31). The Court also reminded Ms. Correia "that while she technically filed a response to the Magistrate Judge's Order . . . she ha[d] not filed an amended complaint setting forth a short and plain statement of her claim as she was ordered to do," *id.*, and as the Magistrate had done, explained to Ms. Correia the issues with her complaint in its current form. *See id.* at 4-5.

On April 15, 2024, Ms. Correia responded to the Court's April 10, 2024 order. *Resp. to Orders to Clarify Entitled Relief & Not Dismiss* (ECF No. 33). The following day, the Court issued a responsive order. *Order Responding to Pl.'s Resp. to Order* (ECF No. 34). The Court cited Federal Rule of Civil Procedure 8(a) and clearly set out a short and plain statement was required. *Id.* at 1-2. In response to Ms. Correia's complaint that the Court's requests were vague and had not adequately explained the specifics of what the response should be, the Court set forth what was required in a complaint. *Id.* at 2-3 (quoting *Belanger v. BNY Mellon Asset Mgmt., LLC*, 307 F.R.D. 55, 57-59 (D. Mass. 2015)). The Court concluded by stating that "[i]f Ms. Correia fails to comply with the Court's multiple orders by April 24, 2024, the Court w[ould] dismiss her complaint without prejudice." *Id.* at 3.

On April 22, 2024, Ms. Correia filed three documents. *Court Ordered Short & Plain Compl. of Claim* (ECF No. 35); *Court Ordered New Statement of Am. Claim* (ECF No. 36); *Statement of Relief & Alternatives* (ECF No. 37). Under Federal Rule

of Civil Procedure 8(d)(2), a party may set out multiple statements of a claim and the "pleading is sufficient if any one of them is sufficient." FED. R. CIV. P. 8(d)(2). Here, none of the statements of claim is sufficient. The first filing is a twelve-page, single-spaced document rife with legal argument, including rules and statutes, but short on facts. *See Court Ordered Short & Plain Compl. of Claim* at 1-11. The second is single-spaced and twenty-nine pages long, again full of legal argument but missing facts. *See Court Ordered New Statement of Am. Claim* at 1-28. The third filing, a nine-page, single-spaced document, lays out how the Court has jurisdiction, what Ms. Correia's requested relief is, and under which statutes she seeks relief. *See Statement of Relief & Alternatives* at 1-9. However, it fails to include factual allegations of how she believes Defendants breached the law. *See id.*

In short, none of these documents is a short and plain statement that is simple, concise, and direct or is sufficient to state a claim or to allow an intelligible response. *See* FED. R. CIV. P. 12(e) advisory committee's note to 1946 amendment (explaining that the rule exists for cases where the movant "cannot reasonably be required to frame an answer or other responsive pleading"). Even though the Court has construed Ms. Correia's filings less stringently due to her pro se status, Ms. Correia has been unwilling or unable to state her complaint plainly. *See Ismail v. Robinson*, No. 2:22-cv-00150-JAW, 2024 U.S. Dist. LEXIS 31905, at *17 (D. Me. Feb. 26, 2024) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

Unfortunately, Ms. Correia's most recent filings once again fail to comply with Rule 8(a)'s requirement that a complaint contain "a short and plain statement," and

her submissions fail to comply with multiple previous orders to comply with Rule 8's requirements. Accordingly, the Court dismisses Ms. Correia's complaint. *See* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (3d ed. 2004) ("If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated"). Although the Court grants the Defendants' motion, it does so only in part. The Defendants demand that the Court dismiss Ms. Correia's complaint with prejudice, which would prohibit her from bringing the same claim again. The Court declines to do so. The Court has not reached the merits of her lawsuit and concludes that to prohibit her from filing again would be too punitive. Accordingly, the Court dismisses the complaint without prejudice.

Characterized as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court GRANTS in part and DENIES in part Bayview Apartments LLC and Robert Hutchinson's First Motion to Strike Complaint, and Dismiss Pursuant to F. R. Civ. P. 41(b) & 12(e) (ECF No. 30). The Court GRANTS the Defendants' motion for dismissal but DISMISSES without prejudice Zelia Correia's Complaint Against Robert Hutchinson and Bayview Apartments LLC (ECF No. 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2024